IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVE MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-cv-783-WHA |
| ) | (WO) |
| ERIC HOLDER, as ATTORNEY GENERAL ) | |
| OF THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on cross motions for summary judgment. The Defendant, Eric Holder, Attorney General of the United States, filed a Motion to Dismiss, or in the Alternative, for Summary Judgment, on July 6, 2012 (Doc. # 22). Because of the language of the Defendant's Motion, the court will treat the Motion as a Motion for Summary Judgment. The Plaintiff did not file any document purporting to be a response to the Defendant's Motion for Summary Judgment. Instead, the Plaintiff, Dave Morris, filed a Motion for Summary Judgment on July 9, 2011 (Doc. # 25), and, although styled as a Motion for Summary Judgment, the Plaintiff's Motion contains no citations to the factual record and is, indeed, more accurately read as a response to the Defendant's Motion for Summary Judgment. The Defendant filed a response to the Plaintiff's Motion for Summary Judgment on July 27, 2012 (Doc. # 28).

On August 15, 2011, the Plaintiff filed a Complaint in the Circuit Court of Elmore County, Alabama under the case number CV-2011-900246.00 bringing a quiet title action

pursuant to Alabama Code § 6-6-540, *et seq.* (Doc. # 1-1).  On September 20, 2011, the Defendant removed the case to the Middle District of Alabama.

This court has "exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." 28 U.S.C. § 1346(f); *see also* 28 U.S.C. § 2409a.

For the reasons to be discussed, the Defendants' Motion for Summary Judgment is due to be GRANTED, and the Plaintiff's Motion for Summary Judgment is due to be DENIED.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).  Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the non-movant must be believed and all justifiable inferences must be drawn in its favor.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

### III.  FACTS

The following is an account of the undisputed facts of this case:

On April 20, 2005, the Plaintiff's brother George Hoey Morris ("Brother"), was indicted by a grand jury of the United States District Court for the Middle District of Alabama for making false statements in violation of 18 U.S.C. § 1546(a).  On May 4, 2005, the Brother made the first of several requests for the appointment of counsel to defend him in his pending criminal investigation.  On January 20, 2006, a superseding indictment was filed against the Brother, and on February 13, 2006, the Brother pled guilty to three counts from the January 20 indictment.  On March 31, 2006, the Brother executed a quit claim deed in order to cede his interest in the piece of real property in dispute in this case ("the Property") to the Plaintiff.  The deed was not recorded at that time.

On May 25, 2006, Jon C. Taylor, entered his appearance as retained counsel for the Brother for the limited purpose of filing a motion to withdraw the Brother's guilty plea and to appeal any denial of such withdrawal. The retainer agreed upon by Taylor and the Brother's family was for $5,000. On June 8, 2006, the court allowed the Brother to withdraw the guilty pleas he made on February 13, 2006. On June 14, 2006, a second superseding indictment was filed against the Brother alleging multiple claims related to the illegal transportation of minors for a sexual purpose, visa fraud, and felon in possession of a firearm. On July 28, 2009, Jon C. Taylor was appointed to represent the Brother, in lieu of being retained, after Taylor filed a motion requesting such.

On August 9, 2006, the Plaintiff recorded the quit claim deed that the Brother had executed back on March 31, 2006.

On September 7, 2006, the Brother was charged with another count of visa fraud in an additional indictment. On October 10, 2006, the Brother was convicted of all counts from the indictment filed on June 14, 2006, and on October 30, 2006, the Brother was convicted of the one count indictment from September 7, 2006.

On December 14, 2006, Susan L. James, entered her appearance as retained counsel on behalf of the Brother, but on May 17, 2007, she was allowed to withdraw from representing the Brother.

As to his conviction on October 10, 2006, the court sentenced the Brother to a term of imprisonment lasting 900 months and ordered him to pay a fine of $1,500,000.00. As to the October 30, 2006 conviction, the court sentenced the Brother to a term of imprisonment lasting 120 months to run concurrently with the 900 month sentence.

## IV. **DISCUSSION**

Simply put, the Plaintiff seeks an order from the court finding that the title to the Property is clear of all of his Brother's obligations. Accordingly, the Plaintiff filed a quiet title claim in state court pursuant to Alabama Code § 6-6-540.

However, the Defendant contends that the transfer of the Property is void because it was fraudulent as defined by 28 U.S.C. § 3304. As will be explained below, the court agrees with the Defendant, and the Plaintiff's quiet title claim is due to be denied.

However, before the court turns to the merits of the case, the court must address some preliminary issues.

### 1. Preliminary Issues

The first preliminary issue the court must address is the Plaintiff's failure to properly support his Motion for Summary Judgment. As explained above, the party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 324. The Plaintiff did not submit any evidence in support of his motion for summary judgment, and therefore, he has failed to meet his burden under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56. As such, the court must deny his Motion for Summary Judgment.

While the Plaintiff's Motion for Summary Judgment fails as a Motion for Summary Judgment, the Plaintiff's Motion appears best read as a response to the Defendant's Motion for Summary Judgment. Even construing the Plaintiff's Motion as such, the document still presents another threshold issue. Even treated as a response brief, the Plaintiff's Motion submits no

evidence and no legal citations save for the summary judgment standard, and therefore, the Defendant's Motion is essentially unopposed.

Despite the fact that the Defendant's Motion is essentially unopposed, the court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02. Accordingly, the court has reviewed the evidentiary materials submitted by the Defendant in accordance with Rule 56 of the Federal Rules of Civil Procedure. Since the Plaintiff's Motion amounts to a non-response, summary judgment shall be granted if the Defendant shows that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Because the Plaintiff has failed to create a material issue of fact, the court will now analyze the merits of the Defendant's argument to determine if the Defendant is entitled to judgment as a matter of law.

2. Merits of the Case

A. The Statutory Requirements of 28 U.S.C. § 3304(b)

The Defendant relies on subsections of 28 U.S.C. § 3304(b) in establishing the contentions found in his Motion for Summary Judgment. That code section defines which transfers are fraudulent as to a debt owed to the United States and does not take into account

whether the debt arose before or after the transfer was made. In other words, a transfer that takes place before the debt arose could also be fraudulent under § 3304(b).

§ 3304(b)(1) defines two different avenues which the United States can utilize in order to demonstrate that a transfer is fraudulent. The first avenue is for the United States to demonstrate that "the debtor ma[de] the transfer or incur[red] the obligation . . . with actual intent to hinder, delay, or defraud a creditor." 28 U.S.C. § 3304(b)(1)(A). The second avenue is for the United States to demonstrate that "the debtor ma[de] the transfer or incur[red] the obligation . . . without receiving a reasonably equivalent value in exchange for the transfer or obligation if the debtor . . . intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." 28 U.S.C. § 3304(b)(1)(B)(ii).

"Because of the difficulty of producing direct proof of fraud, circumstantial evidence can be sufficient to establish an intent to defraud." *United States v. Sherrill*, 626 F. Supp. 2d 1267, 1272 (M.D. Ga. 2009) (citing 37 Am. Jur. 2d *Fraudulent Conveyances and Transfers* § 202 (2009)). The code provides a non-exclusive list of relevant factors in § 3304(b)(2) which the court can utilize in its consideration of whether a particular transfer was, in fact, fraudulent. That list is as follows:

(A) the transfer or obligation was to an insider;

(B) the debtor retained possession or control of the property transferred after the transfer;

(C) the transfer or obligation was disclosed or concealed;

(D) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(E) the transfer was of substantially all the debtor's assets;

(F) the debtor absconded;

(G) the debtor removed or concealed assets;

(H) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(I) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(J) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(K) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

28 U.S.C. § 3304(b)(2).

The Defendant argues that factors (A), (D), (E), (H), (I), and (J) all weigh heavily in its favor.

### B. 28 U.S.C. § 3304(b) Applied to the Present Case

#### i. Application of 28 U.S.C. § 3304(b)(1)(A)

In order to demonstrate that the transfer between the Plaintiff and the Brother was fraudulent under 28 U.S.C. § 3304(b)(1)(A), the Defendant must demonstrate that the transfer was done with "actual intent to hinder, delay, or defraud a creditor." The court will now analyze how the evidence presented applies to the relevant factors set forth in 28 U.S.C. § 3304(b)(2).

##### a. Factor (A)

The Defendant's first contention is that the Plaintiff is an insider for purposes of 28 U.S.C. § 3301(b)(2)(A). The code provides that "if the debtor is an individual . . . [then] a relative of the debtor or of a general partner of the debtor" would be an insider. 28 U.S.C. §

8

3301(5)(A)(i). Moreover, "'[r]elative' means an individual related, by consanguinity or adoption, within the third degree as determined by the common law, a spouse, or an individual so related to a spouse within the third degree as so determined." 28 U.S.C. § 3301(5)[1].

The parties agree, and, indeed, the undisputed evidence before the court is that the Plaintiff is a relative of George Morris, an individual, and is, therefore, an "insider" under the code. Therefore, the Defendant has easily established this first relevant factor in his favor.

### b. Factor (D)

The Defendant has also presented this court with evidence of facts which support that the transfer to the Plaintiff was made after a suit, in the form of a criminal indictment, had been filed against the Brother, and after he had initially entered a guilty plea. As per § 3304(b)(2)(D), such evidence is indicative of a fraudulent transfer. The Plaintiff attempts to counter this by saying that the transfer happened when it did so that the family could retain counsel. The Plaintiff did not attach any evidentiary submissions in support of its Motion for Summary Judgment, and, as such, does not cite any piece of record evidence to support this contention. The evidence before the court is that the Brother briefly retained two different counsel, but nothing in the evidence before the court tends to show that the funds for that representation came from the funds for the transfer of the Property. The Plaintiff's speculation about the need for the money to retain counsel does not change the fact that the transfer occurred after a suit had been instituted against the Brother.

---

[1] A footnote found in the code explains that the code section which defines "Relative" should probably be labeled 28 U.S.C. § 3301(7).

As such, the Defendant has established this factor in his favor.

### c. Factor (E)

The Defendant has presented evidence that at the time of the transfer of the property to the Plaintiff, the Brother already had a poor financial situation and the property at issue was substantially all of the Brother's assets. *See* 28 U.S.C. 3304(b)(2)(E). The Defendant backs this up by pointing to the Brother's repeated request for appointed counsel. Furthermore, the evidence before the court is that one of the Brother's counsel, Jon C. Taylor sought successfully to become appointed counsel after briefly serving as retained counsel. Such evidence shows that the Brother had no real assets and was unable to maintain his retained counsel. The Plaintiff's Motion also emphasizes that the Brother's financial situation was dire; however, the Plaintiff's brief asserts, again without any supporting evidence, that it was the Brother's dire financial situation which lead to the necessary sale of the Property, for an arguably undervalued price, in order to fund the Brother's criminal defense.

The next evidence that the Defendant points to is the value of the property which is, based on the undisputed evidence before the court, at least $28,280.00 according to 2006 tax records. The Defendant contends that even if the property was transferred to the Plaintiff in order to pay the Plaintiff for the Brother's retained counsel, both Jon C. Taylor and Susan L. James, that the total amount for retained counsel could not be close to the $28,280.00 that the property was worth. *See* 28 U.S.C. 3304(H). The Plaintiff has not disputed this.

However, the Plaintiff does contend in his brief, without citing any supporting evidence or case law, that given the situation in which the Brother found himself, the sale to the Plaintiff

was for valuable consideration. The Plaintiff's attorney asserts in his brief that the Brother needed to move the property quickly in order to secure counsel, and that although he may have been able to get more money from a non-related third-party, the Plaintiff was the "only person willing and able to" do the deal that the Brother needed. (Doc. # 26 at 3). Moreover, the Plaintiff's brief asserts, again without a citation to anything, that a sale to a third-party would have been difficult because the "property values across the country were in a free fall due to the state of the economy" in March 2006. Essentially, the Plaintiff attempts to paint a desperate picture of the Brother's situation to explain why the property had to be sold to an insider and for consideration that was far less than it was worth.

Because the evidence before the court supports the Defendant's contentions and there is no evidence before the court to support the Plaintiff's contentions, the court finds that this factor weighs in the Defendant's favor.

### d.  Factor (I)

The Defendant also contends that the Brother was insolvent at the time of the transfer or became insolvent shortly after the transfer. *See* 28 U.S.C. 3304(I). As evidence to support this, the Defendant points to the Brother's repeated request for appointed counsel both before and after the transfer of property. The Plaintiff does not disagree that the Brother was insolvent, but instead blames the Defendant for putting the Brother in a situation in which his dire financial situation worsened because of the need to retain counsel. The Plaintiff's naked allegations notwithstanding, the Defendant has cited to the evidence in the record which demonstrates that the Brother was insolvent even before he transferred the property to the Brother, i.e. his

immediate request for appointed counsel upon the commencement of the proceedings against him, and has therefore established this factor in his favor.

### e. Factor (J)

The last factor from 28 U.S.C. 3304(b)(2) that the Defendant relies on is that the transfer to the Plaintiff occurred shortly before or shortly after a substantial debt was incurred by the Brother. *See* 28 U.S.C. 3304(b)(2)(J). At the time of the transfer in March 2006, the Brother had already pled guilty and was facing a $250,000.00 criminal fine. With that knowledge, the Brother made the transfer to the Plaintiff. Therefore, this transfer was undisputedly at a time when the Brother had incurred a substantial debt to the United States.

It is true, however, that the Brother withdrew his plea of guilt and subsequently was tried and convicted pursuant to a superseding indictment. The fine for those convictions amounted to $1,500,000.00 which is six times the fine that he would have faced but for his withdrawal of his plea. Regardless of which fine the court uses as its guidepost, it is clear that the Brother faced a substantial fine either shortly before or shortly after he transferred the property to the Plaintiff. As such, this factor also weighs in favor of the Defendant.

### f. Conclusion

It is clear to the court, given the factual record before it, that the factors set out in 28 U.S.C. § 3304(b)(2) tilt in favor of the Defendant as to the Brother's intent to hinder, delay, and defraud the United States as to the property in dispute. As such, the Defendant has successfully

demonstrated that the transfer of the Property from the Brother to the Plaintiff was, in fact, fraudulent, as a matter of law.

### ii. Application of 28 U.S.C. § 3304(b)(1)(B)(ii)

Although the Defendant has successfully proven that the transfer at issue was fraudulent pursuant to 28 U.S.C. § 3304(b)(1)(A), the Defendant has also demonstrated the requirements of 28 U.S.C. § 3304(b)(1)(B)(ii).  In order to demonstrate that the transfer between the Plaintiff and the Brother was fraudulent under 28 U.S.C. § 3304(b)(1)(B)(ii), the Defendant must demonstrate that the Brother made the transfer to the Plaintiff  "without receiving a reasonably equivalent value in exchange for the transfer . . . [and that the Brother] intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due."

As discussed above, the Defendant has provided evidence to the court which demonstrates that the Plaintiff did not provide the Brother with reasonably equivalent value in exchange for the piece of property.  Despite the Plaintiff's assertions in his attorney's brief that the money from the transfer was intended to be used by the Brother to pay for retained counsel, there is no evidence in the record which establishes that the value of the retained counsel was worth the $28,280.00 which the Property was worth.  Moreover, the Defendant has provided evidence which establishes that the Brother knew he was facing a $250,000.00 fine when he made the transfer to the Plaintiff in March 2006.  Therefore, given the evidence before the court, the Defendant has met its burden and established that the transfer between the Brother and the Plaintiff was fraudulent as required by 28 U.S.C. § 3304(b)(1)(B)(ii) .

### iii. Conclusion

Given all of the evidence before the court presented by the Defendant, and the absence of evidentiary citations by the Plaintiff, it is clear that the Defendant, utilizing the factors set forth in 28 U.S.C. § 3304(b)(2), has demonstrated that the transfer of property from the Brother to the Plaintiff was fraudulent under both 28 U.S.C. §3304(b)(1)(A) and § 3304(b)(1)(B)(ii).

As such, the Defendant may avoid the transfer of the property from the Brother to the Plaintiff "to the extent necessary to satisfy the debt to the United States." 28 U.S.C. § 3306(a)(1).

## V. CONCLUSION

For the foregoing reasons, it is ordered as follows:

1. The Plaintiff's Motion for Summary Judgment is DENIED;

2. The Defendant's Motion for Summary Judgment is GRANTED, and final judgment will be entered in favor of the Defendant.

Done this 10th day of August, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE